## Grace L. Ferry, Administratrix, Appellant, v. City of Waukegan, Appellee.

### Gen. No. 6,054. (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed July 15, 1915. Rehearing denied October 21, 1915.

## Statement of the Case.

Action on the case by Grace L. Ferry, administratrix of the estate of Edward L. Ferry, deceased, plaintiff, against the City of Waukegan, defendant, in the Circuit Court of Lake county, to recover for the death of plaintiff's intestate, as a result of an automobile accident alleged to be due to defendant's negligence.

Defendant pleaded the general issue, and at the close of the evidence, the court on motion of defendant excluded all the evidence and instructed the jury to find defendant not guilty, and a verdict was returned in accordance with the instruction. A motion for a new trial was denied. From a judgment for defendant, plaintiff appeals.

The testimony given by a number of witnesses for the plaintiff reasonably and fairly tends to prove that the pile of cement, hardened sand or debris had remained in the street, in the usual line of travel, about six weeks, and that no effort had been made by the city authorities to remove it, nor to provide a warning by which to direct the attention of travelers passing

in vehicles along the street, in the dusk or darkness of the evening, of its presence there; that on the afternoon of the day upon which this accident occurred, the appellant's intestate was riding as a guest in the automobile of his brother who managed and drove it; that the accident occurred in the early dusk of the evening; that the driver of the automobile ran in the usual course of travel on the street, and was in the act of passing around a wagon, which had a hay rack on it, when the automobile collided with the pile mentioned, the presence of which was unknown to the driver. The concussion caused by the collision threw the occupants out of the automobile and onto the pavement, injuring the appellant's intestate so severely that he died in consequence of his injuries within a few hours.

Cooke, Pope & Pope, for appellant.

Arthur Bulkley, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. Trial, § 153*—*when evidence raises question for jury.* Where there is evidence on which the jury could, "in the eye of the law," reasonably find for plaintiff, the issue must be determined by the jury.

2. Municipal corporations, § 1107*—*when question whether decedent exercised due care in operation of automobile question for jury.* In an action to recover for the death of plaintiff's intestate by reason of being thrown from an automobile in which he was riding, but which was driven by another, as a result of such automobile's striking a pile of cement and other materials which defendant was alleged negligently to have permitted to remain in the street, where it appeared that the accident occurred in the nighttime, and it was relied on in defense that such driver failed to turn on his lights and that at the time of the accident was driving such automobile at an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

excessive rate of speed, the question whether decedent used due care under the circumstances was for the jury.

3. MUNICIPAL CORPORATIONS, § 1107*—*when speed of automobile question for jury.* In an action to recover for the death of plaintiff's intestate as the result of an automobile accident, where the defense relies on the contributory negligence of the driver of the automobile in that at the time of the accident such automobile was being driven at an excessive rate of speed, the question of excessive speed is one of fact for the jury.

4. MUNICIPAL CORPORATIONS, § 1107*—*when question for jury whether absence of lights on or excessive speed of automobile were separately or together contributory and concurrent causes of accident.* In an action to recover for the death of plaintiff's intestate as the result of an automobile accident occurring at night, where it is relied on in defense that the accident was caused by the failure of the driver of the automobile to turn on his lights, and by the excessive speed at which the automobile was running at the time of the accident, it is a question of fact for the jury whether the alleged absence of lights or excessive speed were, together or separately, contributory and concurrent causes of the accident.

5. NEGLIGENCE, § 198*—*when contributory negligence question for jury.* Where contributory negligence is relied on as a defense, the question is usually for the jury.

6. TRIAL, § 199*—*when error to direct verdict.* In an action where the evidence on controverted questions of fact is conflicting, it is error to direct a verdict.